# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| BILLIE JEAN FORD, | CASE NO. 10cv1660-WQH-NLS |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| CENTRAL LOAN ADMINISTRATION & REPORTING, a/k/a CENLAR; OCWEN LOAN SERVICING, a/k/a OCWEN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a/k/a MERS, | |
| Defendants. | |

HAYES, Judge:

On August 9, 2010, Plaintiff Billie Jean Ford, proceeding pro se, initiated this action by filing a "Complaint Seeking: Emergency Temporary Restraining Order/Preliminary Injunction; Monetary Damages; Statutory Damages; Punitive Damages; Injunctive Relief; Declaratory Relief" ("Complaint"). (Doc. # 1). The Court construes the Complaint to be both a complaint pursuant to Rule 3 of the Federal Rules of Civil Procedure[1] and a motion for temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Rule 65 provides:

The court may issue a preliminary injunction only on notice to the adverse party.
...

---

[1] Rule 3 provides: "A civil action is commenced by filing a complaint with the court."

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1).

The Complaint contains no certificate of service or other indication that any Defendant has been served with a copy of the Complaint. Plaintiff has failed to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("The stringent restrictions imposed by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.") (quotation omitted). To the extent the Complaint seeks a temporary restraining order and/or a preliminary injunction, the Complaint fails to comply with the requirements of Rule 65.

IT IS HEREBY ORDERED that the motion for temporary restraining order and preliminary injunction is DENIED without prejudice. (Doc. #1).

DATED: August 11, 2010

　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　**WILLIAM Q. HAYES**
　　　　　　　　　　　　　　　　　　　United States District Judge