IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BILLIE JEAN FORD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0017-WS-C |
| | ) |
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Dismiss without Prejudice (doc. 57). Defendant has filed a Response (doc. 59) in opposition to the Motion.

**I.    Relevant Background.**

This case already bears an unfortunate procedural pedigree, of which plaintiff's Rule 41(a)(2) Motion is simply the latest chapter. To summarize briefly and in relevant part, plaintiff Billie Jean Ford, originally proceeding *pro se*, sued a host of defendants in the U.S. District Court for the Southern District of California in August 2010. Her First Amended Complaint recited a laundry list of, *inter alia*, federal statutory claims (including "TILA, RESPA, HOEPA, the Wire Act, the Mail Fraud Act, Bank Fraud, and RICO" (doc. 4, ¶ 6)), and also maintained that federal jurisdiction was proper under the diversity provisions of 28 U.S.C. § 1332. The federal court in California transferred venue to this District Court in January 2011, based on its conclusion that Ford's lawsuit was primarily a "local action" that must be brought in the state where the real property is located (in this case, Alabama). Nine months following transfer to the Southern District of Alabama, and after Ford veered dangerously close to dismissal of her lawsuit for failure to prosecute or to abide by court orders, counsel of record appeared for plaintiff for the first time in October 2011.

On November 23, 2011, plaintiff's counsel filed the Second Amended Complaint (doc. 51). This pleading deleted <u>all</u> of her federal causes of action, leaving only a collection of purely state-law claims (breach of contract, wrongful foreclosure, tortious interference) brought against

a single remaining defendant, Ocwen Loan Servicing, LLC.  The Second Amended Complaint inaccurately alleged that there was federal question jurisdiction under 28 U.S.C. § 1331, but also invoked diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 51, ¶¶ 3-4.)  Plaintiff's reliance on federal diversity jurisdiction was dubious from the outset, given the pleading's allegations that Ford "resides" in Tampa, Florida (after previously residing in California) and that Ocwen is a Florida corporation with a principal place of business in Florida.  (*Id.*, ¶ 2.)[1]

## II.   Analysis.

On January 4, 2012, plaintiff filed her Motion to Dismiss without Prejudice, reasoning as follows: (i) there is no § 1331 jurisdiction over the Second Amended Complaint because no federal questions are raised therein; (ii) plaintiff's counsel has now determined that Ford was a "resident of Florida" during the times relevant to her pleading; (iii) plaintiff's Florida residency is fatal to § 1332 jurisdiction because it destroys diversity (inasmuch as Ocwen is alleged to be a Florida citizen for diversity purposes); and (iv) federal jurisdiction does not lie in this matter.  On that basis, Ford asks this Court to dismiss this action without prejudice, presumably to facilitate her ability to refile the action in an appropriate state court.

For its part, Ocwen opposes the requested dismissal.  Significantly, defendant does <u>not</u> challenge plaintiff's counsel's assessment that original federal jurisdiction over this action is lacking.[2]  Instead, defendant's Response implicitly concedes lack of § 1331 or § 1332

---

[1] In addition to identifying the Florida nexus for both parties, plaintiff's pleading muddied the waters further by framing these allegations in terms of plaintiff's residency, rather than her citizenship.  The latter is all that matters for § 1332 purposes.  "Diversity jurisdiction exists over a controversy between citizens of different states. … Citizenship is equivalent to domicile for purposes of diversity jurisdiction."  *McCormick v. Aderholdt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted); *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir. 1981) (citizenship, not residence, controls for purposes of diversity jurisdiction).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (citations omitted).  The Second Amended Complaint reflects that plaintiff's residence had changed from California to Florida, but is silent as to her domicile.  *See generally Slate v. Shell Oil Co.*, 444 F. Supp.2d 1210, 1215 n.9 (S.D. Ala. 2006) ("As a matter of law, a person residing in a particular state is not necessarily domiciled there, and therefore is not necessarily a citizen of that state.").

[2] The parties evidently being in agreement that neither § 1331 nor § 1332 jurisdiction exists, the Court accepts and will not look behind their shared position that complete diversity of citizenship is not present.  Nor will the Court embark *sua sponte* on the fact-
(Continued)

jurisdiction, instead urging that "[t]his case is properly before this Court pursuant to its supplemental jurisdiction, which should be retained in light of judicial economy and fairness to the parties." (Doc. 59, at 3.) Defendant's reliance on supplemental jurisdiction is unpersuasive for two distinct, independent reasons.

First, case law is legion for the proposition that district courts must be circumspect about wielding their discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367 after all original-jurisdiction claims have been dismissed, particularly in the early stages of a case. *See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered … will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Busse v. Lee County, Fla.*, 2009 WL 549782, *4 (11th Cir. Mar. 5, 2009) ("we expressly encourage district courts to [refrain from exercising supplemental jurisdiction over state-law claims] when all federal claims have been dismissed pretrial"). Not surprisingly, "[j]udges in this District have routinely declined supplemental jurisdiction" upon dismissal of all federal claims prior to trial. *Weaver v. James Bonding Co.*, 442 F. Supp.2d 1219, 1229 n.13 (S.D. Ala. 2006) (collecting cases).

That said, "declining to exercise supplemental jurisdiction is not a kneejerk action once all federal claims are dismissed; rather, the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Doe v. City of Demopolis*, 799 F. Supp.2d 1300, 1317 (S.D. Ala. 2011). But those factors weigh heavily in favor of declining to

---

intensive examination of where Ford's domicile actually was at the relevant time in an effort to explore a jurisdictional foothold that both sides have abandoned. *See generally Slate*, 444 F. Supp.2d at 1215 ("Determination of a party's domicile requires a 'totality of the circumstances' approach weighing a constellation of objective facts, no single one of which is entitled to controlling weight.") (citations omitted). The burden on the question of domicile rests with the party invoking a federal forum. *See id.* In this case, no party has endeavored to shoulder the burden of showing (or even alleging) that Ford was domiciled in a state other than Florida at any relevant time; therefore, no party has met that burden.

exercise supplemental jurisdiction here.[3]  As such, this Court finds that it is appropriate to dismiss plaintiff's remaining claims over which original federal jurisdiction is lacking.

Second, it bears emphasis that this dismissal issue is presented not in the form of a defendant's Rule 12(b) motion, but via the plaintiff's Rule 41(a)(2) motion.  That rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Rule 41(a)(2), Fed.R.Civ.P.  "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced."  *First Financial Bank v. CS Assets, LLC*, 2010 WL 1416724, *2 (S.D. Ala. Apr. 8, 2010) (citing *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004)).  The Eleventh Circuit has explained that district courts enjoy "broad discretion" in considering such a motion, and that "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then [*sic*] the mere prospect of a subsequent lawsuit, as a result. … The crucial question to be determined is, Would

---

[3]    In its Response, Ocwen argues that judicial economy warrants the exercise of supplemental jurisdiction because this Court "is intimately familiar with the procedural history of this case as well as Plaintiff's claims and supporting underlying facts."  (Doc. 59, at 5.)  It is true enough that the undersigned is acquainted with this action's meandering procedural history, but that fact gives this Court no special advantage in adjudicating this matter going forward.  Besides, it is not true that this Court is "intimately familiar with … Plaintiff's claims and supporting underlying facts."  The state-law claims against Ocwen presented in the Second Amended Complaint have not been tested via Rule 12(b) Motion.  This Court has had no occasion to examine those claims, much less to become immersed in the attendant facts and circumstances.  In short, with regard to the merits, this Court is no better situated than any other tribunal to adjudicate this matter.  Moreover, given that state courts are better equipped than federal courts to decide state-law issues, if anything the interests of judicial economy would be disserved by the exercise of supplemental jurisdiction here.  "Both comity and economy are served when issues of state law are resolved by state courts."  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") (citation omitted).  More generally, given the glacial progress of this action during the 17 months it has been pending in federal courts in California and Alabama, the undersigned does not share defendant's optimism that the Federal Rules of Civil Procedure will bring about a more expeditious resolution than state-court procedural rules can achieve.  In sum, after examining the factors identified by the Supreme Court and the Eleventh Circuit in light of precedents encouraging dismissal of state-law claims in these circumstances, the Court concludes that it should exercise its discretion not to retain supplemental jurisdiction over Ford's state-law claims against Ocwen.

the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citations omitted); *see also First Financial Bank v. CS Assets, LLC*, 2011 WL 2936663, *1 (11th Cir. July 22, 2011) ("in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice") (citation omitted).

Here, Ocwen has not come forward with any suggestion, much less convincing argument, that it will incur prejudice if plaintiff's motion is granted. That Ocwen may be called upon to defend against Ford's claims in another forum is not, in and of itself, clear legal prejudice. Similarly, that Ocwen might prefer to remain in federal court is not, in and of itself, the sort of prejudice that warrants denial of a motion for voluntary dismissal. Accordingly, the undersigned is of the opinion that this case falls within the broad class of actions in which a plaintiff's Rule 41(a)(2) motion should be freely granted, given the absence of countervailing prejudice to the defendant. This is so, regardless of whether Ford's position on the jurisdictional issue is meritorious or not. Whatever the jurisdictional status of this case may be, plaintiff has a firmly entrenched right to take a voluntary dismissal of her lawsuit, provided that defendant does not suffer clear legal prejudice thereby. No such prejudice is perceptible here.

**III.   Conclusion.**

For all of the foregoing reasons, Plaintiff's Motion to Dismiss without Prejudice (doc. 57) is **granted**. Plaintiff's Second Amended Complaint is **dismissed without prejudice** so that plaintiff may refile in the appropriate state court if she wishes to do so.[4] A separate judgment will be entered.

DONE and ORDERED this 31st day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *See Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) ("If he decides to dismiss these state-law claims, then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court."); *Austin v. City of Montgomery*, 196 Fed.Appx. 747, 754 (11th Cir. 2006) ("When a court declines to exercise supplemental jurisdiction under § 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court.").